## SMITH v. WILLIAMS.

New Trial: CONFLICTING EVIDENCE. When the verdict is clearly against the evidence and the manifest justice of the case, it is the duty of the judge unhesitatingly to set it aside; but not when the evidence is conflicting, and the jury have passed upon its weight and credibility.

*Appeal from Wappello District Court.*

FRIDAY, JULY 12.

FOR statement, see opinion.  Plaintiff appeals.

*Hendershott & Burton* for the appellant.

*S. W. Summers* for the appellee

Smith v. Williams.

DILLON, J. — The jury returned a verdict for the defendant. Plaintiff moved to set it aside, because against the NEW TRIAL: weight of evidence. This, the court refused. conflicting evidence. It is urged by appellant that this refusal of the court was erroneous, and this is the only question made in the cause. The issue was very plain. There was but one controverted point in the case, this: whether a certain set of harness was to be finished in two weeks, as the plaintiff claimed, or whether the time was indefinite, and it was only to be furnished upon the plaintiff's order, as the defendant maintained. The evidence on this point was conflicting, confessedly so. We recognize the principle contended for by the appellant, that the judge should be, and should regard himself as being, the presiding intelligence at the trial, charged with the responsibility of seeing that justice be done, and not a mere automaton, bound to register, without question, just and unjust verdicts alike. We may venture to say that the judges of the District Courts do not, as frequently exercise the power of granting new trials as an important and enlightened administration of the law would require. Wherever the verdict is clearly, not doubtfully, against the manifest justice of the case, against the truth and the right, and the judge is convinced of this fact, it is his duty, unhesitatingly, to set it aside. If he refuses, it throws an additional obstacle in the way of the unsuccessful party, since the appellate court must presume that the trial judge allowed the verdict to stand because he was satisfied with it. Though recognizing these principles, still, in this cause, we cannot interfere. The point disputed was not complicated; any jury could comprehend it.

The charge of the court is unusually clear, and to the exact point. An obscure charge frequently accounts for an unsatisfactory or mistaken verdict.

That is not the case here.    It is quite clear to our mind that the jury believed the weight of reliable evidence to be with the defendant.    On paper, it would not seem so. But the case is not so clear as to justify interference on our part.

Affirmed.